## CASEY *v.* SCHNEIDER.

Under the statute of Louisiana relating to pledges of negotiable and other securities, which was in force in the year 1873, when the transaction in this case took place, the actual delivery of such securities was sufficient to constitute a pledge.

APPEAL from the Circuit Court of the United States for the District of Louisiana.

. The bill in this case was filed by Casey, receiver of the New Orleans National Banking Association, against Louis Schneider, George Jonas, and Patrick Irwin, the original defendants, who were trustees for the New Orleans Clearing-house, to compel them to deliver up notes and bills receivable and other securities to the amount of $223,677.25, and other assets to the amount of $57,500, which were pledged to the said trustees to secure the payment of clearing-house certificates issued to said bank to the amount of $199,000, from the 25th of September, 1873, to the time of its failure, Oct. 4 in that year, to enable it to settle its daily balances and exchanges with the other banks of the city represented in said clearing-house. These securities were delivered to the trustees in pledge as aforesaid at or before the issue of the clearing-house certificates which they were intended to secure; and said securities, or the proceeds thereof, were, until the bringing of this suit, kept by the trustees in their own possession for the purposes for which they had been pledged.

The articles of association, or agreement under which this transaction took place, were contained in an act passed before a notary-public on the 24th of September, 1873, when the several banks temporarily suspended cash payments under the influence

of the financial panic which then occurred. The following is a copy of the provisions of said act, which was signed and entered into by fifteen banks of New Orleans:—

"Be it known that on this twenty-fifth day of the month of September, in the year of our Lord one thousand eight hundred and seventy-three, before me, Theodore Guyol, a notary-public, duly commissioned and sworn, for the parish of Orleans, State of Louisiana, and in the presence of the witnesses hereinafter named and undersigned, personally appeared the parties whose names are hereinafter subscribed, acting for and in the names of the banks and firms which they severally represent, who declared that in their several capacities they had made and entered into the following agreements and stipulations, which shall govern their mode of procedure for and during the thirty days ensuing the date hereof: Messrs. Louis Schneider, George Jonas, and Patrick Irwin are hereby appointed as trustees to act on behalf of the parties to this agreement, the said Louis Schneider to act as president of the said trusteeship. The said trustees are hereby empowered to issue certificates to each bank and banker, upon deposits of collaterals, to the extent of seventy-five per cent of what the said trustees shall deem their par value, the said certificates to be called clearing-house certificates, and to be in sums of not less than $1,000, and not more than $5,000 each. The said trustees shall select a bank to deposit the collaterals lodged with them. The banks and bankers herein represented as parties to this act are hereby bound to issue only certified checks in payment of all sums over $25, and not to pay currency in sums exceeding $25 upon the checks of any depositor on the same day. The parties to this agreement shall use certified checks in the purchase of domestic or foreign exchange, and clearing-house certificates only in settlement of their daily exchanges and balances. All new deposits shall be payable in the same kind of currency as that deposited. The several banks and bankers herein represented are hereby bound not to increase their present line of discounts, and to use all efforts to curtail their liabilities. In case, at the expiration of thirty days from this date, any of the parties to this act should fail to redeem the collaterals deposited by them as aforesaid, the said trustees are hereby authorized and empowered to sell and dispose of the said collaterals at private sale to the best of the interest of the parties interested, and to apply the proceeds of such sales to the redemption of said certificates; the whole without any intervention of justice. This agreement being

made and entered into to prevent the drain of currency which would inevitably take place on the banks of New Orleans, it is understood that it shall not apply to gold deposits, which are to be paid and settled in the usual manner."

The court below dismissed the bill, and from that decree the receiver appealed here.

*Mr. J. D. Rouse* and *Mr. Charles Case* for the appellant.
*Mr. Thomas Allen Clarke, contra.*

MR. JUSTICE BRADLEY, after stating the case, delivered the opinion of the court.

It is obvious that this transaction is free from the objection which applied in the other cases which we have just considered. In this case, there was an actual delivery of the securities pledged, at the time of advancing the certificates given on the faith thereof, and a continued retention of possession of the pledge.

The only objection raised in the case which we deem it necessary to consider is, whether a mere delivery of the securities was sufficient to constitute a pledge; and this depends on the question whether the act of 1855, relating to pledges of negotiable and other securities, was in force in 1873. We think there is no doubt that it was in force. That act was first adopted in 1852, and was re-enacted in 1855. It modified those provisions of the Civil Code, art. 3158, &c., which required a transfer by indorsement and other formalities, in order to make a good pledge. The act in question declared, " that where a debtor wishes to pawn promissory notes, bills of exchange, stocks, obligations, or claims upon other persons, he shall deliver to the creditor the notes, bills of exchange, certificates of stock, or other evidences of the claims or rights so pawned; and such pawn so made, without further formalities, shall be valid, as well against third persons as against pledgers thereof, if made in good faith."

Ever since this enactment, its words have been inserted in the Code itself, in every successive edition, in immediate connection with the articles which it modifies. The articles themselves are reproduced, it is true; but it is probable that they

cover some cases which are not affected by the statutes, and hence the reproduction of them is proper; but whether so or not, we hold that the insertion of the statute in connection with them continues in effect the modification which it created. Subsequent articles of the Code relating to the registration of all privileges and other formalities, being previous to the statute in point of time, cannot affect its operation, though standing on a later page and in a subsequent place in the body of the Code.

This consideration meets the objection arising from the general repealing section of the Revised Statutes, which repeals all statutes and parts of statutes which are not incorporated into the Code, and are repugnant to its provisions.

We are of opinion that the statute was in force, and that the actual delivery of the securities was sufficient to constitute a pledge.

*Decree affirmed.*